FILED
2017 Mar-27  PM 02:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| J. N. as mother and next friend of M.N., a minor, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Case Number:  17-CV- |
| JEFFERSON COUNTY BOARD OF EDUCATION | § § § | |
| Defendant. | | |

COMPLAINT

COME NOW the Plaintiff in the above-styled cause and file her Complaint against the Defendant, Jefferson County Board of Education, as follows:

I. Introduction.

1.    This Complaint is an appeal of a decision rendered by an Administrative Law Judge pursuant to a motion to dismiss and renewed motion to dismiss filed by the Defendant, Jefferson County Board of Education, pursuant to the Individuals with Disabilities Education Improvement Act (IDEA), 20 U.S.C. § 1400, et seq.

II. Jurisdiction.

2.    This Court has jurisdiction in accordance with 20 U.S.C. § 1400, et seq., specifically 20 U.S.C. § 1415 (i)(2)(A) and 42 U.S.C. § 1331.

III. Parties.

4.     The Plaintiff, J.N., as mother and next friend of M.N., a minor, is a resident of Jefferson County, Alabama.  M.N. is a child who is currently fourteen years of age and who also resides in Jefferson County, Alabama. M.N. is a student enrolled in a public school program operated by the Jefferson County School System.

5.     The Defendant is a public school system operating under the color of the laws of the state of Alabama, and as the recipient of federal funds, falls under the specific obligation found in the IDEA, 20 U.S.C. § 1404, Abrogation of State Sovereign Immunity, and 1413, Local Educational Agency Eligibility, et seq.

IV. Factual Allegations.

6.     The Plaintiff filed a notice of intent to file a civil action pursuant to Alabama Administrative Code §290-8-9 .08(9)(c)15 and 16 on February 27, 2017.  This civil action is being filed within thirty (30) days of the notice of intent being filed with the Administrative Law Judge.

7.     This is an action brought by the Plaintiff for this Court to appeal Impartial Hearing Officer (IHO) Bradley's final order dated January 30, 2017, dismissing the Plaintiff's due process complaint on the ground that there was no proposal or refusal to provide an Individualized Education Plan ("IEP") with special education or related services with which the Plaintiff could disagree at the time of filing.   (See, Exhibit "A," Final Order of Dismissal).  IHO Bradley's Order was rendered without referencing any case law.   Further, IHO Bradley's holding is inconsistent with related federal case law

2

and contrary to all of Alabama's other impartial hearing officers who have addressed the same issue involving the same attorney who is currently representing the Defendant. (See, Exhibit B, p. 2, IHO Morton's Final Order; Exhibit C, IHO Cole's Order; and, Exhibit D, pp. 3-5, Romine's Order.)

8.     Plaintiff's due process complaint asserts in paragraph 9(a) that the school district violated the IDEA by failing to identify and evaluate Petitioner in all areas of suspected disability i.e., ADD, ADHD and other behavior related disabilities.   (See, Exhibit "E").  It also states that the Defendant violated the IDEA by failing to evaluate, implement, and develop an IEP that complies with state and federal laws and regulations that addresses all of Plaintiff's disabilities and that is based upon peer-reviewed research. *Id.* at paragraph (b).

9.     Plaintiff's complaint also asserts that the Defendant violated the IDEA by not providing compensatory education.  *Id.* at paragraph (c).

10.     Notwithstanding the foregoing, IHO Bradley's Final Order appears to ignore the IDEA's most fundamental tenant of "Child Find" in concluding that Plaintiff's case should be dismissed until such time as there is a "proposal or refusal." (See, Exhibit "A").  (See also, Alabama Administrative Code §290-8-9.01(a) "LEA's serving children with disabilities must develop and implement procedures that ensure that all children within their jurisdiction, birth to twenty-one, regardless of severity of their disability, and who need special education and related services are identified, located, and evaluated…")

3

11.   Child Find has been interpreted by the U.S. District Courts to be a "safeguard" for parents of children with disabilities. *El Paso Independent School District v. R.R.*, 567 F.Supp.2d 918, 925 (W.D. Tex. 2008).   Among these safeguards, the parents of the disabled child must be provided with "[a]n opportunity to present a complaint… with respect to any matter relating to the identification, location, or educational placement of the child." (emphasis added); (*citing*, 20 U.S.C. 1415(b)(6)).

12.   It is the LEA's duty and the obligation to ensure that it is in compliance with the IDEA's Child Find obligations.   This burden does not rest on the parent.   "The ultimate obligations for ensuring that a state's obligations, including Child Find, are met rests with the state education agency." *Jamie S v. Milwaukee Public Schools*, 519 F.Supp. 2d 870, 880 (E.D. Wis. 2007).

13.   The U.S. Supreme Court has previously concluded that "[s]tate educational authorities must identify and evaluate disabled children." (emphasis added). *Schaffer v. Weast*, 546 U.S. 49, 126 S.Ct. 528, 163 L.Ed 2d 387 (2005).   The Respondent's website even promotes the principals found in the AAC relative to Child Find.  See, jefcoed.com.[1]

14.   In an effort to conserve judicial resources and expedite Plaintiff's special education identification, evaluation, and placement, the Plaintiff refiled her due process complaint.  (See, Exhibit "F").  It was assigned to Hearing Officer Steve Morton, Jr.

---

[1]http://www.jefcoed.com/cms/one.aspx?portalId=105388&pageId=132795#sthash.spp9UDt4.dpuf

4

15.    IHO Morton concluded that the due process complaint was barred pursuant

to the doctrine of *res judicata* and disagreed with the conclusions of Hearing Officer

Bradley.  (See, Exhibit "B").

16.    IHO Morton reasoned,

> Thereafter the Petitioner filed a similar complaint, as is the
> Petitioner's right, and the Respondent sets out the substantive legal
> argument that the question of child find is moot.  This argument
> urges that until a determination has been made by a Respondent that
> denies eligibility, there is no dispute for review by the Hearing
> Officer.  Respondent's counsel has made this argument on a number
> of occasions before the undersigned Hearing Officer, and at least two
> other Alabama Hearing Officers.  Until now, this argument had
> consistently been found at odds with the law and has been denied by
> these other two Alabama Hearing Officers, including the
> undersigned Hearing Officer.

*Id*. at 2.

17.    Furthermore, IHO Morton concluded,

> Essentially, the various reviews as the Respondent's argument had
> resulted in these Hearing Officers' finding that the argument put forth
> by the Respondent's counsel, that no claim of child find could exist
> until a denial of eligibility was contrary to the intention of the law as
> set forth, was not supported by guiding case law.  See *Compton
> Unified School District, Petitioner vs. Starvenia Addison*, et al, 2011,
> No 10-886.  As an example of another Alabama Hearing Officer's
> response to the argument, there is not only reliance on Compton, but
> also on Sixth decision, *Board of Education v. LM*, 478 F.3d 307 (6th
> Cir. 2007.  Here the point is made that a District's response to a
> complaint in the form of agreeing to evaluate does not mitigate the
> prior failure to refer where clear signs of disability were ignored, and
> as such, the District's offer to mitigate should not keep the matter
> from proceeding to hearing.

*Id*. at 2-3.

Case 2:17-cv-00448-JEO   Document 1   Filed 03/23/17   Page 6 of 9

18.     The Plaintiff alleges that the Jefferson County School District failed to provide M.N. with a free and appropriate public education by failing to evaluate, implement, and develop an IEP that complies with state and federal laws and regulations that addresses all of Plaintiff's disabilities and that is based upon peer-reviewed research.

V.  Causes of Action.

19.     The Plaintiff realleges and incorporates by reference paragraphs 1 through 18 above with the same force and effect as if fully set out in specific detail herein below.

IDEA Violations.

20.     M.N. was a student with disabilities who should have been properly evaluated by Jefferson County School District and found eligible for a non-discriminatory education and special education services under 20 U.S.C. §1401, et seq. 29 U.S.C. §794.

21.     Defendant, Jefferson County School District, meets the definition of a "recipient" in accordance with 29 U.S.C. §794.  Defendant also has the obligation to assure a non-discriminatory, free, appropriate public education in accordance with 20 U.S.C. §1400, et seq.

22.     The Plaintiff, M.N. has been adversely affected by the practices set forth above, and has, thus, been deprived of comprehensive evaluations, a free appropriate public education in the least restrictive environment, related serves and assistive technology, in violation of 20 U.S.C. §1400 et seq.

6

23.     The Defendant's actions have been intentional, willful, and done with callous/malicious disregard.  Such constitutes intentional discrimination against Plaintiff because of M.N's disabilities with regard to the educational programs and due process procedures under the aforementioned statutes.

24.     As a result of Defendant's actions, Plaintiff has suffered extreme harm including, but not limited to, loss of educational opportunities and programs, and denial of due process.  M.N. has failed to progress and he has regressed in certain areas.  M.N. has been denied meaningful and equitable educational opportunities and programs, as guaranteed by federal and state law.

VI.   Relief.

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and:

1.     After reviewing additional evidence, conduct a modified de novo review of this matter, and reverse Hearing Officer Bradley's final order of January 30, 2017.

2.     Issue a declaratory judgment that Defendant's substantive educational and due process practices, policies, procedures and conditions are violative of Plaintiff's rights as secured by the IDEA.

3.     Grant Plaintiff a preliminary and permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant, from continuing to violate the Plaintiff's rights under the IDEA.

4.    Order Jefferson County School District to provide the Plaintiff all of the relief sought by Plaintiff at the impartial due process hearing.

5.    Enter an order requiring the Defendant to make Plaintiff whole by awarding M.N. compensatory education and/or the education services he would have received the absence of the Defendant's unlawful conduct.

6.    Grant the Plaintiff a declaration stating that Plaintiff is the prevailing party on all issues of the underlying administrative action.

7.    Enter an award of attorneys' fees and costs, plus the reimbursement of the time spent pursing the litigation necessary to secure the aforementioned attorney fees plus costs.

8.    Grant such other, further, and benefits as the cause of justice may require.

/s/ Shane T. Sears

SHANE T. SEARS  [SEARS5531]

Attorney for Petitioner
THE SEARS FIRM, P.C.
*The Sears Building*
5809 Feldspar Way, Suite 200
Birmingham, AL 35244
205/989-1709; eFax 866/436-3778
ssears@me.com

8

/s/ James D. Sears
JAMES D. SEARS  [SEARJ1750]

Attorney for Petitioner
LAW OFFICES OF SEARS & SEARS, P.C.
*The Sears Building*
5809 Feldspar Way, Suite 111
Birmingham,  AL 35244
205/588-0755; eFax 866/436-3778
jdsears@searslawfirm.com

## Certificate of Service

I hereby certify that on this the __22nd__ day _March_, 2016, I served upon, Dr. Craig Pouncey, Superintendent of Instruction for the Jefferson County School System by U.S. Mail, postage prepaid, a copy of this complaint at the address below:

Dr. Craig Pouncey
Superintendent of Instruction
Jefferson County School System
2100 18th St. S
Birmingham, Alabama 35209

/s/ Shane T. Sears
SHANE T. SEARS  [SEARS5531]